Case 1:22-cv-01882-YK-LT   Document 12   Filed 08/18/23   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUHAMMAD SPINNER,<br>    Petitioner<br><br>    v.<br><br>WARDEN SAGE,<br>    Respondent | :<br>:<br>:<br>:   No. 1:22-cv-01882<br>:<br>:   (Judge Kane)<br>:<br>: |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which pro se Petitioner Muhammad Spinner ("Spinner") seeks credit towards his federal sentence for time that he spent in state custody prior to being taken into federal custody. For the following reasons, the Court will deny the petition with prejudice.

**I.      BACKGROUND**

On September 11, 2018, Spinner was sentenced to five years in prison by the Superior Court of New Jersey, Essex County after pleading guilty to one charge under New Jersey law. (Doc. No. 8-2 at 3, 16.) He was released from prison on January 29, 2019, to serve the remainder of his sentence in New Jersey's Intensive Supervision Program ("ISP"). (Id. at 3.)

On January 5, 2020, Spinner was arrested by state officials in Essex County and charged with ISP violations and several new criminal charges. (Id. at 3, 26.) The new charges were dismissed on February 19, 2020. (Id. at 3.) On June 17, 2020, Spinner was found guilty of violating the terms of his ISP and ordered to serve the remainder of his September 11, 2018 sentence in prison. (Id. at 3, 26.)

On January 5, 2020, Spinner was charged with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the District of New Jersey based on the same conduct that gave rise to his January 5, 2020 arrest by

New Jersey state officials.  See United States v. Spinner, No. 2:20-cr-00550 (D.N.J. Jan. 5, 2020), ECF No. 1.  He pleaded guilty to the federal charge and was sentenced to 77 months of imprisonment on November 20, 2020, with his federal sentence to run concurrent with his state sentence.  See id., ECF No. 29.  On July 3, 2021, Spinner was paroled from New Jersey custody and transferred to federal custody.  (Doc. No. 8-2 at 3.)  Spinner is currently serving his federal sentence in Schuylkill Federal Correctional Institution ("FCI-Schuylkill").

Spinner filed the instant petition on November 21, 2022, and the Court received and docketed the petition on November 25, 2022.  (Doc. No. 1.)  Spinner seeks credit towards his federal sentence for the time spent in state custody from January 5, 2020 to November 20, 2020.  (Id.)  Respondent, the Warden of FCI-Schuylkill, responded to the petition on January 25, 2023.  (Doc. No. 8.)  Respondent contends that the petition should be denied on its merits because the United States Bureau of Prisons ("BOP") properly calculated Spinner's sentence.  (Id.)  Spinner filed a reply brief in support of his petition on February 22, 2023.  (Doc. No. 10.)

On March 30, 2023, the Court granted Spinner's motion for leave to file an amended petition and allowed him to file an amended petition on or before April 30, 2023.  (Doc. No. 11.)  Spinner did not file an amended petition by the deadline, nor did he move for an extension of time to do so.  Spinner's original petition is accordingly ripe for resolution.

**II.   DISCUSSION**

Claims that the United States Bureau of Prisons ("BOP") has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Burkey v. Mayberry, 556 F.3d 142, 146 (3d Cir. 2009) (noting that "[a] challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241").  Whether the

petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

See 18 U.S.C. § 3585(b).

Section 3585(b) prohibits inmates from receiving "double credit." See Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000), superseded by statute in nonrelevant part as recognized in United States v. Saintville, 218 F.3d 246, 247–49 (3d Cir. 2000). Thus, petitioners generally may not receive credit towards their federal sentence for time spent in the primary custody of a state before the commencement of their federal sentence. See id.; Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (unpublished). States may relinquish primary custody by releasing a petitioner on bail, dismissing the charges against him, or granting him parole. See Taccetta, 606 F. App'x at 663. Petitioners temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum remain in the primary custody of the state from which they were transferred. See Rios, 201 F.3d at 274.

BOP policy recognizes an exception to the general rule against double credit, which is adapted from the decision in Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Willis credit applies when an inmate is serving concurrent state and federal sentences and the state sentence is set to expire before the federal sentence. See Taccetta, 606 F. App'x at 664. Because Section 3585(b) prohibits double credit, credit against the concurrent state sentence for time in state

custody would not confer any benefit on the inmate "except that he would be serving only one sentence instead of two concurrent ones." See id. (internal alterations omitted) (quoting Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)).  Inmates can thus receive credit towards their federal sentence for the time spent in state custody.  See id.

The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term" ["EFT"]—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence.  See id.  In such a situation, "prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal."  See United States Department of Justice, Federal Bureau of Prisons BOP Program Statement 5880.28.[1]

Spinner argues that he is entitled to Willis credit for the period from January 5, 2020 to November 20, 2020.  (Doc. No. 2 at 3.)  Respondent concedes that Spinner meets the prerequisites for Willis credit because his federal and state sentences were concurrent and the EFT of the state sentence expired before the EFT of the federal sentence.  (Doc. No. 8 at 6.)  Respondent argues, however, that Willis credit does not apply to Spinner's sentence because his state sentence was for a violation of parole rather than a new criminal charge.  (Id.)  A sentence imposed for a violation of parole, Respondent argues, "is not a new term of imprisonment, but a continuation of a previously imposed sentence."  (Id.)

The Court finds that the BOP has properly calculated Spinner's sentence.  To begin, Section 3585(b) facially bars Spinner's request for credit because Spinner has already received

---

[1] The relevant portion of Program Statement 5880.28 is attached as an exhibit to Respondent's response.  See (Doc. No. 8-2 at 49–51).

credit for that period towards his state sentence.  See 18 U.S.C. § 3585(b); Rios, 201 F.3d at 272.  Spinner is also not entitled to Willis credit for the relevant period because the state sentence that he was serving was imposed for a violation of his parole rather than for new state charges.  Under BOP sentencing policy, Willis credits may be applied "for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal."  See BOP Program Statement 5880.28 (emphasis added).  A violation of parole sentence is a continuation of the previous sentence that gave rise to the petitioner's parole; it is not a new sentence.  See Smith v. Meeks, No. 13-cv-00005, 2013 WL 3388913, at *8–9 (W.D. Pa. July 8, 2013).  Thus, Willis credit does not apply to the instant case because Spinner's state sentence—the original sentence that gave rise to his term of parole—began prior to the offense date for his federal sentence.  See Program Statement 5880.28; Smith, 2013 WL 3388913, at *8–9.  The Court therefore finds that Spinner is not entitled to a writ of habeas corpus because his federal sentence has been properly calculated by the BOP.

**III.   CONCLUSION**

For the foregoing reasons, the Court will deny Spinner's petition for writ of habeas corpus with prejudice.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
